UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNY W. BOYDE,

                           Plaintiff,

                                                            5:16-CV-00555

v.

                                                            (LEK/TWD)

CITY OF SYRACUSE, COUNTY OF
ONONDAGA,

                           Defendants.
_____

APPEARANCES:

JOHNNY W. BOYDE
Plaintiff, pro se
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13201

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for initial review the amended complaint in this 42 U.S.C. § 1983 civil rights action brought by Plaintiff Johnny W. Boyde against Defendants City of Syracuse and County of Onondaga.[1]  (Dkt. No. 12.)

**I.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii)

---

[1] Plaintiff's second *in forma pauperis* application (Dkt. No. 8) was granted by Text Order dated August 29, 2016.  (Dkt. No. 11.)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court

2

must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. ANALYSIS

### A. Plaintiff's Original Complaint

On initial review, the Court construed Plaintiff's original complaint (Dkt. No. 1) as alleging § 1983 claims against the City of Syracuse and County of Onondaga for false arrest in violation of his rights under the Fourth Amendment, and state law claims for false arrest, libel, and slander. (Dkt. No. 5 at 8.) The claims arose out of events that occurred following the reversal and remittitur by the Appellate Division Fourth Department on November 14, 2014, of a judgment of conviction by a February 15, 2011, guilty plea to sexual abuse in the first degree

3

(Penal Law § 130.65(2)), sexual abuse in the second degree (Penal Law § 130.60(2)), and endangering the welfare of a child (Penal Law § 260.10(1)) against Plaintiff . (Dkt. No. 1 at 15, 22.) Plaintiff had been sentenced to seven years incarceration and ten years post release supervision. (Dkt. No. 12-1 at 7.) The Appellate Division reversed the conviction based on a finding that Plaintiff had been improperly coerced by the Onondaga County Court to plead guilty. *See People v. Boyde*, 995 N.Y.S.2d 428 (4th Dep't 2014).

Upon remittitur, a plea agreement was reached pursuant to which Plaintiff entered a plea of guilty to sexual abuse in the first degree on April 29, 2015, with an agreed upon sentence of time served. *Id*. at 15. Plaintiff was released from incarceration on April 29, 2015. *Id*. Sentencing on the guilty plea was adjourned on July 8, 2015, and when Plaintiff failed to appear, and a bench warrant was issued. *Id*. at 20. Plaintiff complained in his original complaint that the City and County, individually and as part of a common plan, told the media that a warrant had been issued for him, that he was the number 1 fugitive in the area, and that he was a sex offender. *Id*. at 2. Plaintiff went to the Police Station and was arrested after the warrant was issued. Plaintiff was sentenced on the April 29, 2015, guilty plea on July 21, 2015, and was rated a level 3 sex offender. *Id*. at 15.

Plaintiff's § 1983 false arrest claim in his original complaint was dismissed against the City of Syracuse and Onondaga County because Plaintiff had failed to identify or allege any facts showing the existence of a municipal policy or custom of the City of Syracuse or Onondaga County that caused his allegedly false arrest or the alleged libel and slander, and had failed to allege facts plausibly showing that the City and County failed to properly hire, supervise, and train subordinates in connection with his claims. The dismissal was without prejudice and with

leave to amend.² *See Boyde v. New York State*, No. 5:16-CV-00555 (LEK/TWD), 2016 WL 3573133 (N.D.N.Y. May 19, 2016), *Report-Recommendation Adopted*, 2016 WL 3580768 (N.D.N.Y. June 28, 2016). The District Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims for false arrest, libel, and slander in light of the dismissal of Plaintiff's § 1983 claim. *Id*.

### B. Plaintiff's Amended Complaint

The allegations in Plaintiff's amended complaint focus on a series of arrest warrants, arrests, and judicial proceedings that appear to involve in large part Plaintiff's alleged failure to comply with various sex offender registration requirements between July 2015 and August 2016. (Dkt. Nos. 12-1 at 7-8; 12-2 at 2-3.) Plaintiff claims in conclusory fashion that Defendants have violated his Fourteenth Amendment rights to due process and equal protection, First Amendment rights, and Fourth Amendment right to protection from unreasonable search and seizure. (Dkt. No. 12 at 1.) Plaintiff asks the federal court to order Albany to remove his name from the sex offender website and registration records. (Dkt. No. 12-2 at 3.)

Factual allegations showing the existence and involvement of a municipal policy or custom of the City of Syracuse or Onondaga County, which the Court found to be missing from Plaintiff's original complaint, are missing from his amended complaint as well. There is no hint in the factual allegations in Plaintiff's amended complaint that the claimed deprivations of Plaintiff's constitutional rights were "caused by a governmental custom, policy, or usage" of the

---

² The original complaint was dismissed against the State of New York with prejudice on Eleventh Amendment grounds. *See Boyde v. People,* No. 5:16-CV-00555 (LEK/TWD), 2016 WL 3573133 (N.D.N.Y. May 19, 2016), *Report-Recommendation Adopted*, 2016 WL 3580768 (N.D.N.Y. June 28, 2016).

City or County. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't Soc. Serv. City of New York*, 436 U.S. 658 (1978)). In fact, there is no suggestion whatsoever of the existence of a municipal policy or custom that is relevant to Plaintiff's claims. *See Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer."); *Hall v. Smith*, 170 F. App'x 105, 108 (11th Cir 2006) (affirming dismissal of § 1983 claim against a municipality where plaintiff alleged no factual support for his conclusory statement that the municipality had a policy or custom of grossly inadequate supervision and training of its employees.)

Plaintiff has now had two opportunities to allege facts plausibly showing municipal liability on the part of the City of Syracuse and Onondaga County under § 1983. (Dkt. Nos. 1, 12.) The Court explained the requirements for municipal liability in its Order and Report-Recommendation on the initial review of Plaintiff's original complaint and recommended that Plaintiff be given an opportunity to amend his complaint to set forth facts satisfying those requirements. *See Boyde,* 2016 WL 3573133, at * 4. Plaintiff's amended complaint, like his original complaint, is devoid of facts setting forth a plausible claim for municipal liability against either Defendant, and the allegations in the amended complaint, construed liberally, offer no indication that given another opportunity, Plaintiff would be able to state a § 1983 claim against either the City or County.

Based upon the foregoing, the Court recommends that Plaintiff's amended complaint be *sua sponte* dismissed with prejudice on initial review. *See Cuoco*, 222 F.3d at 112 (leave to

replead properly denied where even the most liberal reading of the complaint fails to "give any indication that a valid claim might be stated.")

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 12) be **DISMISSED WITH PREJUDICE** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 7, 2016
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

**2016 WL 3580768**
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Johnny W. Boyde, Plaintiff,
v.
New York State, et al., Defendants.

5:16-cv-0555 (LEK/TWD)
|
Signed 06/28/2016

**Attorneys and Law Firms**

Johnny W. Boyde, East Syracuse, NY, pro se.

### ORDER

Lawrence E. Khan, U.S. District Judge

**\*1** This matter comes before the Court following a Report-Recommendation filed on May 19, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at \*1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at \*2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. See Docket. Plaintiff's filing on May 27, 2016, in response to the Report-Recommendation, styled as Objections, appears to instead constitute a proposed amended complaint. Dkt. No. 7. As the Court has reviewed the Report-Recommendation for clear error and has found none, the Court adopts the Report-Recommendation in full. Plaintiff's Complaint is therefore dismissed without prejudice. Since Plaintiff has submitted a Proposed Amended Complaint, this is accepted as the operative pleading in this action and referred to Judge Dancks for initial review.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2); and it is further

**ORDERED**, that the Clerk of the Court forward the Proposed Amended Complaint (Dkt. No. 7) to U.S. Magistrate Judge Thérèse Wiley Dancks for initial review; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2016 WL 3580768

---

**End of Document**
© 2016 Thomson Reuters. No claim to original U.S. Government Works.

Application solely for the purpose of this initial review. (Dkt. No. 2)

## II. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me accusation." *Id.* In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in

2016 WL 3573133
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Johnny W. Boyde, Plaintiff,
v.
New York State, County of Onondaga,
City of Syracuse, Defendants.

5:16-CV-00555(LEK/TWD)
|
Signed 05/19/2016

**Attorneys and Law Firms**

JOHNNY W. BOYDE, 301 McCool Avenue, Apt. # 2, East Syracuse, New York 13057, Plaintiff, pro se.

### ORDER AND REPORT-RECOMMENDATION

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

 *1  The Clerk has sent to the Court for initial review the Complaint in this 42 U.S.C. § 1983 civil rights action brought by Plaintiff Johnny W. Boyde against Defendants New York State, County of Onondaga, and City of Syracuse. (Dkt. No. 1.) Also before the Court are Plaintiff's application for leave to proceed *in forma pauperis* ("IFP Application") and motion for appointment of counsel. (Dkt. Nos. 2 and 3.)

### I. IFP APPLICATION

The IFP Application submitted by Plaintiff is not the IFP Application currently used in the Northern District of New York. IFP Application AO 240, the form currently used in the District and available on the District's website, requires information regarding the applicant's monthly expenses such as housing, transportation, and utilities and any debts or financial obligations of the applicant not required on the form submitted by Plaintiff. Because the information on the outdated IFP Application submitted by Plaintiff does show that he is not employed, has not received money from any other source in the past twelve months, has no cash or checking or savings accounts, and has nothing of significant value, the Court grants his IFP

the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**\*2** Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

#### A. Factual Background

Plaintiff was indicted by an Onondaga County grand jury on charges of sexual abuse in the first degree (Penal Law § 130.65(2)) for allegedly subjecting a Jane Doe to sexual contact when she was incapable of consent by reason of being physically helpless on July 21, 2010.[1] (Dkt. No. 1 at 22[2].) The grand jury also indicted Plaintiff on charges of sexual abuse in the second degree (Penal Law § 130.60(2)) and endangering the welfare of a child (Penal Law § 260.10(1)) arising out of the same incident. *Id.* Plaintiff entered a guilty plea to the charges in Onondaga County Court on or about February 15, 2011. *Id.* at 15. Plaintiff was thereafter sentenced to, *inter alia*, a term of incarceration of seven years and ten years post-release supervision. *Id.* at 32.

In February of 2014, the Appellate Division, Fourth Department reversed Plaintiff's judgment of conviction based on the guilty plea and remitted the matter to the Onondaga County Court for further proceedings. *People v. Boyde*, 995 N.Y.S.2d 428, 429 (4th Dep't 2014). Plaintiff has alleged in his Complaint that he had signed a confession under duress, and the Appellate Division struck down the confession on appeal. (Dkt. No. 1 at 2.) However, the Appellate Division Memorandum on the appeal shows that the judgment of conviction was reversed, not as a result of Plaintiff's confession being stricken, but because the Appellate Division found that the County Court had coerced Plaintiff's guilty plea by stating that it would impose the maximum sentence in the event Plaintiff was convicted following a trial if Plaintiff did not plead guilty, and vacated the guilty plea. *Boyde*, 995 N.Y.S.2d at 429.

Upon remittur, Plaintiff and his counsel appeared in Onondaga County Court on April, 29, 2015, and Plaintiff entered a plea of guilty to sexual abuse in the first degree. *Id.* at 15. An exhibit to the Complaint indicates that on April 27, 2015, Plaintiff had forwarded a handwritten letter to the County Court confirming that he wished to accept "time served with the Defendant (sic) appeal right(s)." *Id.* at 4. Plaintiff was released from incarceration on April 29, 2015. *Id.* at 2. On July 21, 2015, the County Court sentenced Plaintiff to time served and issued an order of protection. *Id.* at 15. Plaintiff was rated a Level 3 sex offender on July 21, 2015. *Id.* at 15.

**\*3** According to Plaintiff, after he was released from incarceration on April 29, 2015, Defendants individually, jointly or as part of a common plan thereafter told the media that a warrant had been issued for Plaintiff, that he was the number one fugitive in the area for the week of July 14, 2015, and that he was a sex offender. *Id.* at 2, 4, 9. Plaintiff went to the police station and was incarcerated by the City Police and County of Onondaga. A list of Plaintiff's State court appearances from November 11, 2014, to July 21, 2015, provided to Plaintiff by the Unified Court System of the Onondaga Supreme & County Courts on July 22, 2015, and included by Plaintiff as an exhibit, reveals that Plaintiff's sentencing on the April 29, 2015, guilty plea was adjourned on July 8, 2015, when Plaintiff failed to appear. *Id.* at 20. A bench warrant was issued on or about July 8, 2015, with a return on the warrant on July 20, 2015, the day before Plaintiff's sentencing. *Id.* at 3, 20.

Plaintiff has alleged in his Complaint that a subsequent arrest warrant was issued on December 30, 2015, that he was re-arrested on February 26, 2016, and that he was released. *Id.* at 3. The Complaint is silent as to details of the re-arrest six months after he was sentenced to time served on his April 29, 2015, guilty plea.

### B. Claims Alleged

Plaintiff has alleged claims against Defendants for false arrest as a sex offender, malicious prosecution, illegal and wrongful imprisonment, illegal re-imprisonment, libel and slander, a second false arrest and malicious prosecution, Court of Claims Act § 8-b, violation of the Constitution of the United States, the Constitution of New York State, the laws of the State of New York and the United States, and regulations of the United States, New York State, the County of Onondaga, and the City of New York. *Id.* at 3.

The Court construes the claim Plaintiff has attempted to allege under 42 U.S.C. § 1983 as one for false arrest "resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause" in connection with his arrest on a bench warrant in July of 2015 and possibly, although it is not entirely clear from the Complaint, his initial arrest on sexual abuse charges in or about July 2010 and his re-arrest in February 2016. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). (Dkt. No. 1 at 3-4, 9, 20, 22.)

A defamation claim can be brought as a § 1983 claim for violation of a liberty or property interest protected by due process when a plaintiff can demonstrate a stigmatizing statement plus deprivation of a tangible liberty or property interest. *See Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010). However, a "deleterious effect [flowing] from a sullied reputation, standing alone, does not constitute a plus under the stigma plus doctrine." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotation marks omitted). Plaintiff has, at best, alleged a deleterious effect on his reputation insufficient for a § 1983 claim.

The remainder of Plaintiff's claims appear to be state law claims.

### IV. ANALYSIS

#### A. State of New York

Plaintiff has named the State of New York as a Defendant, although the Complaint appears devoid of specific allegations of wrongdoing by the State.[3] Under the Eleventh Amendment, "an unconsenting state is immune from suits brought in federal court by her own citizens as well as citizens of other states." *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citation and internal quotations marks omitted). New York is an unconsenting state. *See Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 39-40 (2d Cir. 1977). The Eleventh Amendment has been found to bar federal courts from hearing all § 1983 claims for legal or equitable relief brought by citizens, as well as state law claims, brought against unconsenting states and state agencies. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974) (barring claims brought under § 1983); *Pennhurst*, 465 U.S. at 118-122 (barring state law claims even when asserted under pendent jurisdiction); *Tessler v. Paterson*, 768 F. Supp. 2d 661, 672 (S.D.N.Y. 2011) ("It is well-established that the Eleventh Amendment bars all claims against the state ... for alleged violations of state law without the state's consent").

**\*4** Therefore, the Court recommends that the action be dismissed with prejudice as against the State of New York on Eleventh Amendment grounds.

#### B. County of Onondaga and City of Syracuse

##### 1. Section § 1983 Claim

Plaintiff has sued both the County of Onondaga and the City of Syracuse. He has not sued any individual officials of either municipal entity. Plaintiff claims that the City and County, along with the State, individually, jointly, and as part of a common plan told the media that a warrant had been issued for him, that he was the number 1 fugitive in the area, and that he was a sex offender. (Dkt. No. 1 at 2.) He also claims that after the warrant was issued, he went to the police station and was arrested by the "City Police and the County of Onondaga." *Id.* The Court construes the allegations in Plaintiff's Complaint as an attempt to assert a § 1983 claim for false arrest under the Fourth Amendment, as well as state law claims for false arrest and libel and slander. (See Dkt. No. 1 at 2.)

Pursuant to the standard for establishing municipality liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. 658); *see also Vippolis v. Village*

of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.") A municipality may be liable for deprivation of constitutional rights under § 1983 for policies or customs resulting in inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *See* City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989). To establish causation, there must "at the very least be an affirmative link between the policy and the particular constitutional violation alleged." Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985).

Plaintiff has failed to identify or allege any facts showing the existence of a municipal policy or custom of Onondaga County or the City of Syracuse which caused his alleged false arrest or libel and slander, and Plaintiff has not alleged facts plausibly showing that Onondaga County and the City of Syracuse failed to properly hire, supervise, and train subordinates in connection with his claims. *See* Twombly, 550 U.S. at 570; Hall v. Smith, 170 Fed.Appx. 105, 108 (11th Cir. 2006) (affirming dismissal of § 1983 claim against a municipality where plaintiff alleged no factual support for his conclusory statement that the municipality had a policy or custom of grossly inadequate supervision and training of its employees.)

Given the foregoing, the Court recommends that Plaintiff's § 1983 claims be dismissed as against Defendants County of Onondaga and the City of Syracuse without prejudice and with leave to amend.

2. State Law Claims

**\*5** The Court has construed Plaintiff's Complaint as attempting to assert state law claims for false arrest, libel, and slander against Defendants County of Onondaga and City of Syracuse. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erec. Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). *See* Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). Federal question jurisdiction exists where the "complaint established either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted).

The Court finds based upon the allegations in the Complaint that there is no federal question or diversity jurisdiction over Plaintiff's state law claims. Furthermore, because the Court is recommending dismissal of Plaintiff's § 1983 claim, it also recommends that the District Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law false arrest, libel, and slander claims, without prejudice and subject to refiling in state court and to reconsideration by the District Court in the event Plaintiff is granted leave to file an amended complaint and thereafter submits an amended complaint. *See* Kolari v. New York Presbyterian Hosp., 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has jurisdiction have been dismissed).

**C. Motion for Appointment of Counsel**

Plaintiff has moved for appointment of counsel. (Dkt. No. 3.) Even if the Court were not recommending dismissal of Plaintiff's Complaint on initial review, Plaintiff's motion for appointment of counsel would be denied without prejudice at this time.

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Before appointment of counsel is even considered, an indigent person must demonstrate that he is unable to obtain counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Plaintiff has failed to attach sufficient documentation evincing an attempt to obtain counsel, such as correspondence from attorneys declining to represent him in the case, nor has he documented any effort made to secure counsel on his own, such as listing the names of attorneys he has contacted and their reasons for not accepting her case.

In addition, "in deciding whether to appoint counsel ... the [court] should first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61. Once this threshold is met, the court is required to consider other criteria "such as the factual

and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would probably lead to a more just resolution of the dispute." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Having recommended dismissal of Plaintiff's Complaint upon initial review, the Court cannot at this point find Plaintiff's claims "likely to be of substance." *Hodge*, 802 F.2d at 61.

In light of the Court's recommendation that Plaintiff's Complaint be dismissed and in consideration of the foregoing, Plaintiff's motion for appointment of counsel is denied without prejudice at this time.

 **\*6 ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED** solely for the purpose of this initial review; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it is hereby

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over the state law claims against the County of Onondaga and City of Syracuse asserted in Plaintiff's Complaint (Dkt. No. 1), without prejudice and subject to refiling in state court and to reconsideration by the District Court in the event Plaintiff is granted leave to file an amended complaint and submits an amended complaint that states a claim under § 1983; and it is

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED IN ITS ENTIRETY**, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), and that dismissal against the State of New York be **WITH PREJUDICE**, and dismissal against the County of Onondaga and City of Syracuse be **WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is

**ORDERED** that in the event Plaintiff submits an amended complaint for filing in this action, he must submit a completed IFP Application in the form utilized in the Northern District of New York if he wishes to proceed *in forma pauperis*, and that he must otherwise pay in full the $400.00 filing fee; and it is

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation and a blank IFP Application.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**All Citations**

Slip Copy, 2016 WL 3573133

Footnotes

1   The indictment is included as an exhibit to Plaintiff's Complaint. In reviewing a plaintiff's complaint, a court may consider documents attached to the complaint as exhibits or incorporated by reference, and documents that are integral to, or explicitly mentioned in the complaint. See *I. Meyer Pincus & Assoc. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir. 1991). A court may also consider "matters of which judicial notice may be taken." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).
2   Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.
3   New York Court of Claims Act § 8b, under which Plaintiff appears to be attempting to assert a claim against the State, provides jurisdiction in the State Court of Claims for claims by wrongfully convicted individuals who are innocent or whose convictions have been reversed within delineated provisions of New York State Criminal Procedure Law §§ 440.10 and 470.20.

**End of Document**                © 2016 Thomson Reuters. No claim to original U.S. Government Works.