UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHNNY W. BOYDE,

          Plaintiff,

  -against-            5:16-CV-0555 (LEK/TWD)

CITY OF SYRACUSE, *et al.*,

          Defendants.

## ORDER

  This matter comes before the Court following a Report-Recommendation filed on October 7, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 16 ("Report-Recommendation").

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b).

Here, Plaintiff timely filed objections to the Report-Recommendation, Dkt. No. 17 ("Objections"), but the Objections do not reference or address the Report-Recommendation in any way, see id. Plaintiff also filed a second amended complaint, which, in light of Plaintiff's pro se status, the Court reviewed to determine whether it contains any arguments or allegations that could be construed as objections to the Report-Recommendation. Dkt. No. 24 ("Second Amended Complaint").

Plaintiff's initial complaint asserted various claims under 42 U.S.C. § 1983, including false arrest, malicious prosecution, and wrongful imprisonment. Dkt. No. 1 ("Complaint"). All claims against the County of Onondaga and the City of Syracuse were dismissed because Plaintiff failed to allege facts sufficient to maintain a claim of municipal liability. Dkt. No. 5 ("May Order") at 9. Under Monell v. Department of Social Services, 436 U.S. 658 (1978), "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell, 436 U.S. at 690–91). Plaintiff did not allege a governmental policy or custom, nor did he allege any other basis for municipal liability.

Plaintiff filed an amended complaint, Dkt. No. 12 ("Amended Complaint"), that was again dismissed for failing to "allege facts plausibly showing municipal liability on the part of the City of Syracuse and Onondaga County under § 1983," Rep.-Rec. at 6. Neither Plaintiff's Objections nor his Second Amended Complaint addresses the issue of municipal liability, or makes any other specific objections to the Report-Recommendation. See Objections; Second Am. Compl. The Court has reviewed the Report-Recommendation for clear error and has found

none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 16) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 12) is **DISMISSED with prejudice** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:    December 07, 2016
          Albany, New York

Lawrence E. Kahn
U.S. District Judge